WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Smith, | No. CV-21-01012-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendant. | |

Plaintiff has filed a Motion for Reconsideration (Doc. 50) regarding the Court's March 10, 2023, Order granting Defendant City of Mesa ("the City") partial summary judgment (Doc. 42) (the "March 2023 Order"). The Court granted the City judgment on Plaintiff Aaron Smith's ("Plaintiff") disparate treatment and retaliation claims. It denied judgment to both parties, however, on Plaintiff's failure to accommodate claim. (*Id.*) Although Plaintiff made a *prima facie* showing that the City denied him a religious accommodation, the Court found that genuine disputes of material fact remain as to whether the City initiated good faith efforts to accommodate Plaintiff's request for time off but could not reasonably do so without facing undue hardship. (*Id.* at 7–15). In so concluding, the Court applied the "more than a de minimis cost" standard for undue hardship as set forth in *Balint v. Carson City, Nevada*, 180 F.3d 1047 (9th Cir. 1999). (*See* Doc. 42 at 14–15).

Plaintiff now urges the Court to reconsider its March 2023 Order in view of the United States Supreme Court's recent decision in June 2023, which overturned the "more

than a de minimis cost" standard. *See Groff v. DeJoy*, 143 S. Ct. 2279, 2294 (2023); *see* LRCiv. 7.2(g)(1) (a motion for reconsideration is properly made upon "showing of new . . . legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence"). *Groff* clarified that an employer establishes undue hardship under Title VII when "the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id*. at 2295. Thus, Plaintiff argues he is entitled to summary judgment on the undue hardship issue under the new standard in *Groff*.

Local Rule of Civil Procedure 7.2(g) provides "[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court, but no motion for reconsideration may be granted unless the Court provides an opportunity for response." *Id*. at (g)(2). The Court will therefore order the City to respond to Plaintiff's Motion for Reconsideration within fourteen (14) days of the issuance of this Order. Plaintiff may file a reply no later than seven (7) days after the City's response. Consequently, the Court will vacate and hold in abeyance the Final Pretrial Conference currently set for August 14, 2023 (Doc. 46), until the Court resolves Plaintiff's Motion for Reconsideration.

Accordingly,

**IT IS ORDERED** that Defendant City of Mesa shall respond to Plaintiff Aaron Smith's Motion for Reconsideration (Doc. 50) **within fourteen (14) days** of the issuance of this Order. Plaintiff may file a reply **no later than seven (7) days** after the City's response.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference currently set for August 14, 2023 (Doc. 46) is **vacated.**

Dated this 27th day of July, 2023.

Honorable Diane J. Humetewa
United States District Judge