Christopher R. Houk, State Bar No. 020843
**HOUK LAW FIRM**
1850 N. CENTRAL AVE., STE. 2010
PHOENIX, ARIZONA 85004
Telephone: (480) 569-2377
Facsimile: (480) 569-2379
chouk@houklawfirm.com
*Attorney for Plaintiff*

Jason K. Reed (#022657)
Alexander J. Lindvall (#034745)
**CITY OF MESA ATTORNEY'S OFFICE**
MS-1077
P.O. Box 1466
Mesa, Arizona 85211
(480) 644-2343
mesacityattorney@mesaaz.gov
*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Smith,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Mesa, et al.,<br><br>    Defendant. | Case No. 2:21-cv-01012-DJH<br><br>**JOINT PROPOSED JURY INSTRUCTIONS – REASONABLE ACCOMMODATION** |

### Reasonable Accommodation Jury Instructions

**A. Plaintiff's Proposed Non-Model Instructions**
   1.0 Duty to Accommodate Religious Practices/Definition of Reasonable Accommodation
   2.0 Defense to Failure to Accommodate Claim, in the alternative

**B. Defendant's Proposed Non-Model Instructions**
   Failure to Accommodate – Plaintiff's Initial Burden of Proof
   Failure to Accommodate – Reasonable Accommodation

**Proposed Instructions**

**1.0 Plaintiff's Proposed DUTY TO ACCOMMODATE/DEFINITION OF "REASONABLE ACCOMMODATION"**

The City of Mesa has the burden to show that after Aaron Smith notified it of the need for a religious accommodation, it reasonably accommodated his request to attend the School for Congregation Elders religious training.

A reasonable accommodation of an employee's religion is one that eliminates the conflict between employment requirements and religious practices. Title VII requires that religious practitioners be granted favored treatment, not simply equality. Neutral policies must give way to the need for accommodation.

A reasonable accommodation can include, for example:
- unpaid leave;
- voluntary substitutions or "swaps" where the employer allows the employee to secure a substitute to cover for him during the shifts when his religious observances prevent his attendance;
- flexible scheduling, such as where an employer permits the employee to make up time lost due to the observance of religious practices; or
- lateral transfers into other positions that would allow the employee to reduce or eliminate the conflict or change of job assignments.

These are only a few examples of potential reasonable accommodations that an employer can offer.

Whether an accommodation is reasonable depends on all the circumstances. You should decide if the accommodation or accommodations (or combination thereof) offered by the City of Mesa to Mr. Smith constitute a reasonable accommodation under the facts and circumstances of this case.

In this case, it is uncontested that:

- Mr. Smith had a sincere religious belief that conflicted with his employment duties, in that he believed that he was required to attend the School of Congregation Elders religious training;
- Mr. Smith informed the City of Mesa about the conflict; and
- The City of Mesa denied Mr. Smith's request for 1.5 days of unpaid time off to attend the School for Congregation Elders religious training.

If you find that the City of Mesa provided a reasonable accommodation to Plaintiff, your verdict should be for the City of Mesa. If you find that the City of Mesa did not provide a reasonable accommodation for Mr. Smith, your verdict should be for Mr. Smith.

**Sources:**

"After an employee … notifies the employer … of his or her need for a religious accommodation, the employer … has an obligation to reasonably accommodate the individual's religious practices." 29 C.F.R. § 1605.2(c)(1).

A reasonable accommodation of an employee's religion is one that "eliminates the conflict between employment requirements and religious practices." *Rodriguez v. City of Chicago*, 156 F.3d 771, 775 (7th Cir. 1998) (citing *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70, (1986)).

"If the accommodation proposed by the employer fails to eliminate the employee's religious conflict, the employer must implement an alternate accommodation proposed by the employee, unless implementation of that accommodation would cause 'undue hardship' to the employer." *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen.*, 781 F.2d 772, 776 (9th Cir. 1986) (citation omitted).

Providing unpaid leave could be a reasonable accommodation,

> The provision of unpaid leave eliminates the conflict between employment requirements and religious practices by allowing the individual to observe fully religious holy days and requires him only to give up compensation for a day that he did not in fact work.

*See Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70 (1986).

29 C.F.R. § 1605.2
((d) Alternatives for accommodating religious practices.
> (1)…The following subsections are some means of accommodating the conflict between work schedules and religious practices which the Commission believes that employers…should consider as part of the obligation to accommodate and which the Commission will consider in investigating a charge. These are not intended to be all-inclusive. There are often other alternatives which would reasonably accommodate an individual's religious practices when they conflict with a work schedule. There are also employment practices besides work scheduling which may conflict with religious practices and cause an individual to request an accommodation…
>
>> (i) Voluntary Substitutes and "Swaps".
>>
>>> Reasonable accommodation without undue hardship is generally possible where a voluntary substitute with substantially similar qualifications is available. One means of substitution is the voluntary swap…The Commission believes that the obligation to accommodate requires that employers and labor organizations facilitate the securing of a voluntary substitute with substantially similar qualifications…

(ii) Flexible Scheduling.

> One means of providing reasonable accommodation for the religious practices of employees…which employers…should consider is the creation of a flexible work schedule for individuals requesting accommodation.

> The following list is an example of areas in which flexibility might be introduced: flexible arrival and departure times; floating or optional holidays; flexible work breaks; use of lunch time in exchange for early departure; staggered work hours; and permitting an employee to make up time lost due to the observance of religious practices.

(iii) Lateral Transfer and Change of Job Assignments.

> When an employee cannot be accommodated either as to his or her entire job or an assignment within the job, employers and labor organizations should consider whether or not it is possible to change the job assignment or give the employee a lateral transfer.

"Title VII does not demand mere neutrality with regard to religious practices—that they be treated no worse than other practices. Rather, it gives them favored treatment….Title VII requires otherwise-neutral policies to give way to the need for accommodation." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 775 (2015).

**Defendant's Objection**:

The instruction is improper because it does not require Plaintiff to show that the City of Mesa took an adverse employment action against Plaintiff. Plaintiff is required to prove three elements to succeed on his claim, including showing that the City took an adverse employment action against him because of his religious belief. [Doc. 42 at 8] 42 U.S.C. § 2000e-2(a)(1) (plaintiff must prove that employer took action "against any individual with respect to his compensation, terms, conditions, or privileges of employment"); *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (plaintiff much show that "the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement"); *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (plaintiff must show that the employer "threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements"); *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (plaintiff must show that "the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements"); *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015) ("The concurrence mysteriously concludes that it is not the plaintiff's burden to prove failure to accommodate. But of course that is the plaintiff's burden"); *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004).

An "adverse employment action" is defined as one that "materially affects the compensation,

terms, conditions, or privileges of employment." *Campbell v. Hawaii Dept. of Ed.*, 892 F.3d 1005, 1012 (9th Cir. 2018); 42 U.S.C. § 2000e-2(a)(1) (the adverse employment action must be "with respect to his compensation, terms, conditions, or privileges of employment"); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("an adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of . . . employment'"); Ninth Circuit Model Civil Jury Instruction 10.11 (Title VII – Adverse Employment action in Disparate Treatment Cases) ("An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment").

If Plaintiff does not satisfy his burden, the verdict should be in favor of the City. *Lawson v. Washington*, 296 F.3d 799, 805 (9th Cir. 2002) (judgment in the employer's favor was appropriate because the employee "did not establish sufficient evidence to meet the third prong of the *Heller* test"*).* If Plaintiff satisfies his burden, only then does the jury determine whether the offered accommodation was reasonable. *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) ("Once a prima facie showing has been made, the burden shifts to the Department to show that 'it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship'") (citations omitted).

Plaintiff is not entitled to an instruction that a reasonable accommodation must eliminate all conflicts because of Plaintiff's obligation to avail himself of reasonable means to eliminate the conflict. *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1030-33 (8th Cir. 2008) (rejecting jury instruction that described a reasonable accommodation as one must eliminate any work-religion conflict because "[w]hat is reasonable depends on the totality of the circumstances and therefore might, or might not, require elimination of a particular, fact-specific conflict"); *Hudson v. Western Airlines, Inc.*, 851 F.2d 261, 266–67 (9th Cir. 1988) ("[The plaintiff's] own failures to avail herself of reasonable means to eliminate the conflict between her religious beliefs and her employment demands undercut her claim that [her employer] violated Title VII by refusing to accommodate her further . . . As the trial court found, [the employer] provided reasonable means to eliminate her conflicts. . . . Title VII does not allow [the plaintiff] to ignore these reasonable accommodations and then demand further accommodations when she subsequently developed a conflict"). Indeed, "[E]mployee has a correlative duty to make a good faith attempt to satisfy his needs through means offered by the employer." *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen.*, 781 F.2d 772, 777 (9th Cir. 1986); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1440 (9th Cir. 1993) ("the employee has a correlative duty to make a good faith attempt to satisfy his needs through means offered by the employer") (emphasis in the original).

The City's offered accomodation was available to Plaintiff for the duration of Plaintiff's employment. Plaintiff cannot ignore the accomodation and simply wait until a conflict arises. *Hudson v. Western Airlines, Inc.*, 851 F.2d 261, 266–67 (9th Cir. 1988) ("[The plaintiff's] own failures to avail herself of reasonable means to eliminate the conflict between her religious beliefs and her employment demands undercut her claim that [her employer] violated Title VII by refusing to accommodate her further . . . As the trial court found, [the employer] provided reasonable means to eliminate her conflicts. . . . Title VII does not allow [the plaintiff] to ignore these reasonable accommodations and then demand further accommodations when she

subsequently developed a conflict"). Plaintiff's proposed language places the entire burden to eliminate the conflict on the City, and that is inconsistent with Ninth Circuit law.

An instruction suggesting that Plaintiff should receive "favored treatment" or criticizing "neutral" policies is improper because it materially changes the focus of the jury's deliberation. Specifically, the focus on the jury's deliberation is about the reasonableness of the City's accommodation. *Eubank v. Meldesco/Pay Less*, 141 F.3d 1175 (9th Cir. 1998) ("Eubank was not entitled to an instruction on accommodation unhinged from reasonableness");*Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) ("the Department to show that 'it initiated good faith efforts to accommodate reasonably the employee's religious practices . . .'"); *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (employer had to make "good faith efforts to accommodate reasonably the employee's religious practices"). Instructions suggesting that the jury should favor plaintiff or that neutral policies are improper are not part of the jury's deliberation, and as cited above, conflict with established law about what the jury should decide. In other words, the focus of the jury's deliberation should be on the reasonableness of the accommodation, not on statements related to "favored" treatment that are unrelated to the jury's deliberations. *Id.* To that end, if the jury concludes that the accommodation offered by the City was reasonable, the analysis stops; no other issues are subject to the jury's review. *Hudson v. Western Airlines, Inc.*, 851 F.2d 261, 266–67 (9th Cir. 1988) ("As the trial court found, [the employer] provided reasonable means to eliminate her conflicts. . . . Title VII does not allow [the plaintiff] to ignore these reasonable accommodations and then demand further accommodations when she subsequently developed a conflict"). "[W]here the employer has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (1986).

Plaintiff's list of proposed examples is unnecessarily narrow and would prejudice the City because it does not list the option offered by the City in this circumstance. [Doc. 42 at 11-13] Reasonable accomodations may include flexible work schedules, floating or optional holidays, vacation and holiday time that can be taken without restriction, generous time off policies, attendance policies providing employees with numerous ways of taking time off, permitting an employee to make up time lost due to the observance of religious practices, and unpaid leave. 29 C.F.R. 1605.2(d)(1)(ii); *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 71 (1986) ("But unpaid leave is not a reasonable accommodation when paid leave is provided for all purposes *except* religious ones"); *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 315 (4th Cir. 2008) (finding a reasonable accomodation when employees could use vacation days and holidays where "there were no restrictions on the reasons for which these holidays could be used"); *EEOC v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 316 (4th Cir. 2008) (time off policy was a "significant accommodation" that "could be structured in a way to permit [Plaintiff] the opportunity to meet all of [his] religious observances"); *id.* (pre-existing attendance policies provided Wise and other Firestone employees with numerous ways of taking time off when necessary); *United States v. City of Albuquerque*, 545 F.2d 110, 113–14 (10th Cir. 1976) (an accomodation was using an employee's "vacation leave").

**Plaintiff's Response to Defendant's Objection:** The City's proposed accommodation—a

{00514599.1}     Page 6 of 20

generous leave policy—cannot be a reasonable accommodation because it came *before*, not after Aaron's request for an accommodation—and thus their proposed accommodation should not be in the instruction. The duty to offer a reasonable accommodation is triggered by the request for the accommodation; thus, the City of Mesa cannot say it accommodated Aaron Smith's request *before* he made it. 29 C.F.R. § 1605.2(c)(1) ("*After* an employee … notifies the employer … of his or her need for a religious accommodation, the employer … has an obligation to reasonably accommodate the individual's religious practices.") (emphasis added).

The City of Mesa cites *Ansonia Bd. Of Educ. V. Philbrook*, 479 U.S. 60(1986) for support that its leave policy could be considered a reasonable accommodation. But the court there noted the accommodation eliminated the conflict. In addition, *Ansonia* supports Plaintiff's position that granting unpaid leave may be a reasonable accommodation if it eliminates the conflict between work and religion, Specifically, the Court stated:

> The provision of unpaid leave eliminates the conflict between employment requirements and religious practices by allowing the individual to observe fully religious holy days, and requires him only to give up compensation for a day that he did not in fact work.

*Id.* at 70.

Here, the conflict was not resolved by anything offered by the City of Mesa.

The City cites 29 C.F.R. § 1605.2(d)(1)(ii) for support for the proposition that a reasonable accommodation could include a generous leave policy. The regulations contain no such reference to a generous leave policy.

The City cites *United States v. City of Albuquerque*, 545 F.2d 110, 113–14 (10th Cir. 1976) to argue that a leave policy could be a reasonable accommodation. But there, the employer offered several accommodations not offered here: leave without pay and shift swapping. In addition, the court found an undue hardship where there were staffing issues and the employee (a firefighter) wanted every weekend off for religious purposes.

The citation to *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 315 (4th Cir. 2008) is similarly misplaced because there the employee needed a significant amount of leave to accommodate his religious activities–eight hours every week—whereas here only 1.5 days of leave were needed.

The City of Mesa cites *Hudson v. Western Airlines, Inc.*, 851 F.2d 261 (9th Cir. 1988) for the proposition that it need not eliminate the conflict *at the time* of the request for the accommodation. But, that misstates *Hudson*'s holding. In *Hudson,* the court relied upon the fact that the employer had a means by which to eliminate the present conflict through the collective bargaining agreement by swapping days off that management *could not deny*. Specifically,

> [T]he collective bargaining agreement provided several means by which

{00514599.1} Page 7 of 20

attendants could adjust their flight schedule to accommodate personal desires and preferences including religious observance. Attendants could trade with another attendant the entire block or line they were awarded. Attendants could also trade specific trips with other attendants or trade days off if they were a reserve. Western facilitated the trading of blocks, flights and days off by posting the attendants' names and schedule awards in each flight attendant lounge, by providing bulletin boards and individual mail boxes for the transmission and receipt of messages, and by requiring attendants regularly to check their mail boxes for messages. Neither Western nor the AFA could veto or compel a trade.

*Id.* at 263.

Thus, the employee in *Hudson* could trade schedules to eliminate the conflict. Here, Mr. Smith's manager made that option impossible. It is undisputed that the City of Mesa made no attempt to eliminate the conflict *after* the request was made. Mr. Smith's manager Heather Basford did not allow Mr. Smith to swap shifts like the employee were allowed in *Hudson*—and neither Hudson nor the AFA could veto the shift swaps. Therefore, the City of Mesa improperly cites the Hudson case to state that Mr. Smith did not avail himself of an existing policy—there was no policy on shift swaps according to Ms. Basford.

Further, no case has held or been cited that the City or Mesa's proposed accommodation—a leave system that does not eliminate the religious conflict—has been an approved accommodation, and thus, such an accommodation should not be placed in the instruction.

On the issue of whether religious accommodation requests get preferential treatment, that is an essential black-letter statement of the law from the U.S. Supreme Court case, *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 775 (2015), as noted above in this instruction, and addresses a common preconception that the religious accommodations law demands neutrality.

The City of Mesa quibbles with listing accommodations. But the list of accommodations come from case law and the regulations on religious accommodation, as noted above.

Given: _____
Refused: _____
Given as Modified: _____
Withdrawn: _____

**Plaintiff's Alternative Instruction to Defendant's Instruction No. 1.1 – Adverse Action[1]**

Mr. Smith has the burden of proving the following element by a preponderance of the evidence:

> The City of Mesa, at least implicitly, threatened, or otherwise subjected Mr. Smith to an adverse employment action because of his inability to fulfill the job requirement due to the School for Congregation Elders religious training. An adverse employment action is defined broadly. Mr. Smith has been subjected to an adverse action if he reasonably believed he faced a threat of being disciplined if he was absent from work to attend the School for Congregation Elders religious training.

If you find that Mr. Smith has not proven this element, your verdict should be in favor of the City of Mesa. If you find that Plaintiff has proven this element, you should proceed to the Damages instruction.

**Sources:**

Order on Summary Judgment, Doc. 42, at 10:22-25.,

> When viewing the record most favorably to Plaintiff, the Court finds Plaintiff reasonably believed he faced a threat being disciplined if he was absent from work to attend the Elders Training. This threat is sufficient to establish the third element.

"[T]he employer, at least implicitly, threatened some adverse action by formally instructing him not to pray with or proselytize to clients." *Berry v. Department of Social Services*, 447 F.3d 642, 655 (9th Cir. 2006) (quotations omitted).

See also, discussion of adverse employment action in Plaintiff's objection to DEF 1.1 Failure to Accommodate – Plaintiff's Initial Burden of Proof.

**Defendant's Objection**:

The instruction is misleading because it does not require Plaintiff to show that the City of Mesa took an adverse employment action against Plaintiff. Plaintiff is required to prove three elements to succeed on his claim, including showing that the City took an adverse employment action against him because of his religious belief. [Doc. 42 at 8] 42 U.S.C. § 2000e-2(a)(1) (plaintiff must prove that employer took action "against any individual with respect to his

---

[1] Plaintiff objects to the need for this instruction for the reasons noted below in response to **DEF 1.1 Failure to Accommodate – Plaintiff's Initial Burden of Proof.** But, if the Court is inclined to issue such an instruction, Plaintiff proposes this instruction in the alternative, instead of the City's proposed instruction.

{00514599.1}   Page 9 of 20

compensation, terms, conditions, or privileges of employment"); *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (plaintiff much show that "the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement"); *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (plaintiff must show that the employer "threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements"); *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (plaintiff must show that "the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements"); *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015) ("The concurrence mysteriously concludes that it is not the plaintiff's burden to prove failure to accommodate. But of course that is the plaintiff's burden"); *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004).

An "adverse employment action" is defined as one that "materially affects the compensation, terms, conditions, or privileges of employment." *Campbell v. Hawaii Dept. of Ed.*, 892 F.3d 1005, 1012 (9th Cir. 2018); 42 U.S.C. § 2000e-2(a)(1) (the adverse employment action must be "with respect to his compensation, terms, conditions, or privileges of employment"); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("an adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of . . . employment'"); Ninth Circuit Model Civil Jury Instruction 10.11 (Title VII – Adverse Employment action in Disparate Treatment Cases) ("An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment").

Because Plaintiff's retaliation claim was dismissed, it would be prejudicial error to use the "adverse employment" action definition for retaliation claims. Ninth Circuit Model Civil Jury Instructions 10.9 and 10.10 (Title VII – Adverse Employment action in Retaliation Cases).

If Plaintiff does not satisfy his burden, the verdict should be in favor of the City. *Lawson v. Washington*, 296 F.3d 799, 805 (9th Cir. 2002) (judgment in the employer's favor was appropriate because the employee "did not establish sufficient evidence to meet the third prong of the *Heller* test").

Given: _____
Refused: _____
Given as Modified: _____
Withdrawn: _____

{00514599.1}    Page 10 of 20

**DEF 1.1     Failure to Accommodate – Plaintiff's Initial Burden of Proof**

In this case, Plaintiff Aaron Smith alleges that Defendant City of Mesa failed to reasonably accommodate his religious beliefs and practices. The City of Mesa denies Plaintiff's allegation.

The parties have stipulated that Mr. Smith had a bona fide religious belief or practice that conflicted with his employment duties.

The parties have also stipulated that Mr. Smith informed the City of Mesa of the belief or practice and of the conflict.

To establish a claim for failure to accommodate, Plaintiff Aaron Smith has the burden of proving the following element by a preponderance of the evidence:

> That the City of Mesa discharged, threatened, or otherwise subjected Mr. Smith to an adverse employment action because of his inability to fulfill the job requirement.

An adverse employment action is an act by an employer that materially affects the compensation, terms, conditions, or privileges of employment.

If you find that Plaintiff has not proven this element, your verdict should be in favor of the City of Mesa. If you find that Plaintiff has proven this element, you should proceed to the next instruction.

**Source:**

Plaintiff is required to prove three elements to succeed on his claim, including showing that the City took an adverse employment action against him because of his religious belief. [Doc. 42 at 8] 42 U.S.C. § 2000e-2(a)(1) (plaintiff must prove that employer took action "against any individual with respect to his compensation, terms, conditions, or privileges of employment"); *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (plaintiff much show that "the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement"); *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (plaintiff must show that the employer "threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements"); *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998) (plaintiff must show that "the employer threatened her or subjected her to discriminatory treatment, including

discharge, because of her inability to fulfill the job requirements"); *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 773 (2015) ("The concurrence mysteriously concludes that it is not the plaintiff's burden to prove failure to accommodate. But of course that *is* the plaintiff's burden"); *Bodett v. Coxcom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004).

An "adverse employment action" is defined as one that "materially affects the compensation, terms, conditions, or privileges of employment." *Campbell v. Hawaii Dept. of Ed.*, 892 F.3d 1005, 1012 (9th Cir. 2018); 42 U.S.C. § 2000e-2(a)(1) (the adverse employment action must be "with respect to his compensation, terms, conditions, or privileges of employment"); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ("an adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of . . . employment'"); Ninth Circuit Model Civil Jury Instruction 10.11 (Title VII – Adverse Employment action in Disparate Treatment Cases) ("An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment"); *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen.*, 781 F.2d 772, 774 (9th Cir. 1986) (plaintiff suffered adverse employment action because he was "transferred, under protest, from her position as a window clerk to the position of distribution clerk to avoid dismissal").

**Plaintiff's Objection:** Plaintiff objects that this instruction incorporates an adverse action requirement, which is not required in the context of religious accommodation. The denial of the accommodation is enough. The statute contains no such requirement. "Title VII of the Civil Rights Act of 1964 requires employers to accommodate the religious practice of their employees unless doing so would impose an 'undue hardship on the conduct of the employer's business.' 78 Stat. 253, as amended, 42 U.S.C. § 2000e(j)." *Groff v. DeJoy*, No. 22-174, 2023 WL 4239256, at *4 (U.S. June 29, 2023).

The Code of Federal Regulations does not impose the requirement of an adverse employment action to a religious accommodations claim either. 29 C.F.R. § 1605.2(b)(1) makes it,

> [A]n unlawful employment practice under section 703(a)(1) for an employer to fail to reasonably accommodate the religious practices of an employee or prospective employee, unless the employer demonstrates that accommodation would result in undue hardship on the conduct of its business.

citing *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977)).

At least one Ninth Circuit case did not impose an adverse employment action requirement in a Title VII religious accommodation case. In *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen.*, 781 F.2d 772, 775 (9th Cir. 1986), no adverse employment action was required. Davis, a postal worker, requested that he be excused from processing draft registration forms on religious grounds while performing his job as a window clerk. The Postal Service refused the request, and Davis continued in his kept processing draft registration form in his position as clerk position. The court noted that the Postal Service conceded that Davis met the prima facie case "by demonstrating that they held a bona fide religious belief which prohibited them from

processing draft registration forms." *Id.*

A dissent in a Ninth Circuit case criticized the adverse employment action requirement. *Lawson v. State of Washington,* 319 F.3d 498, 500 (9th Cir. 2003) ("*Hardison* thus indicates that accommodation is a statutory obligation and that failing to accommodate is itself an unlawful employment practice, without regard to whether *another* employment consequence, other than the failure to accommodate, is visited upon the employee") (emphasis in original) (Berzon, J., dissenting from denial of en banc petition.).

And, other circuits found similarly. "Under Title VII, therefore, an employer must reasonably accommodate an employee's religious observance or practice unless it can demonstrate that such accommodation would result in an undue hardship to the employer's business." *Rodriguez v. City of Chicago*, 156 F.3d 771, 775 (7th Cir. 1998).

Plaintiff also objects that Defendant's adverse employment action definition comes from a non-religious discrimination case, which is too stringent for the purpose of a religious discrimination case.

The above instruction defines adverse employment action narrowly: "An adverse employment action is an act by an employer that materially affects the compensation, terms, conditions, or privileges of employment."

As Judge Humetewa noted in our case, "The Ninth Circuit has never "required that [an] employee's penalty for observing his or her faith be so drastic. The *threat* of [] adverse employment practices[] is a sufficient penalty.' Doc. 42, at 10:1-3; *E.E.O.C. v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 614 n.5 (9th Cir. 1988) (quotations omitted); *Berry v. Department of Social Services*, 447 F.3d 642, 655 (9th Cir. 2006) ("the employer, at least implicitly, threatened some adverse action by formally instructing him not to pray with or proselytize to clients.")

Thus, defining the adverse employment action broadly, incorporating the Title VII retaliation standard, is more appropriate. For example, in *Fonseca v. Sysco Food Servs. of Arizona, Inc.*, 374 F.3d 840, 847 (9th Cir. 2004), the Court defined adverse action broadly for Title VII purposes, saying "We define 'adverse employment action' broadly." *Id.* (citing *Ray v. Henderson*, 217 F.3d 1234, 1241 (9th Cir.2000) and *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000) (collecting cases)). The *Fonseca* court explained, "We have recognized that an adverse employment action exists where an employer's action negatively affects its employee's compensation." *Id.* (citing *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir.2002)). A warning letter or negative review also can be considered an adverse employment action. *Id.* (citing *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir.1987).

Other Ninth Circuit cases had a similar analysis. "In an effort to strike the proper balance, we have held that only non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation. *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). And,

> [A]n action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity."). Among those employment decisions that can constitute an adverse employment action are termination, dissemination of a negative employment reference, issuance of an undeserved negative performance review and refusal to consider for promotion.

*Ray v. Henderson,* 217 F.3d 1234, 1243 (9th Cir.2000).

"Undeserved reprimands and threats of severe disciplinary action may constitute adverse employment actions." *Reece v. Pocatello/Chubbuck Sch. Dist. No. 25*, 713 F. Supp. 2d 1222, 1230 (D. Idaho 2010)

Thus, alternatively, as noted below, the definition of adverse action, if it must be included, should be, at a minimum, as this Court defined it in its summary judgment order:

> An adverse employment action is defined broadly and can include a threat of being disciplined if Mr. Smith reasonably believed he faced a threat of being disciplined if he was absent from work to attend the religious training.

Doc. 42, at 10:22-25 ("When viewing the record most favorably to Plaintiff, the Court finds Plaintiff reasonably believed he faced a threat being disciplined if he was absent from work to attend the Elders Training. This threat is sufficient to establish the third element.").

But, if the Court is inclined to provide an instruction along the lines proposed by Defendant, in the alternative, Plaintiff proposes the following instruction (listed above as 2.0 Defense to Failure to Accommodate Claim):

**Plaintiff's Alternative Instruction to Defendant's Instruction No. 1.1 – Adverse Action[2]**

Mr. Smith has the burden of proving the following element by a preponderance of the evidence:

> The City of Mesa, at least implicitly, threatened, or otherwise subjected Mr. Smith to an adverse employment action because of his inability to fulfill the job requirement due to the School for Congregation Elders religious training. An adverse employment action is defined broadly. Mr. Smith has been subjected to

---

[2] Plaintiff objects to the need for this instruction for the reasons noted below in response to DEF 1.1 Failure to Accommodate – Plaintiff's Initial Burden of Proof. But, if the Court is inclined to issue such an instruction, Plaintiff proposes this instruction in the alternative, instead of the City's proposed instruction.

HOUK LAW FIRM, PLLC
1850 N. Central Ave., Ste. 2010, Phoenix, AZ 85004
Telephone: (480) 569-2377   Fax: (480)569-2379

an adverse action if he reasonably believed he faced a threat of being disciplined if he was absent from work to attend the School for Congregation Elders religious training.

If you find that Mr. Smith has not proven this element, your verdict should be in favor of the City of Mesa. If you find that Plaintiff has proven this element, you should proceed to the Damages instruction.

**Sources:**

Order on Summary Judgment, Doc. 42, at 10:22-25

> When viewing the record most favorably to Plaintiff, the Court finds Plaintiff reasonably believed he faced a threat being disciplined if he was absent from work to attend the Elders Training. This threat is sufficient to establish the third element.

"[T]he employer, at least implicitly, threatened some adverse action by formally instructing him not to pray with or proselytize to clients." *Berry v. Department of Social Services*, 447 F.3d 642, 655 (9th Cir. 2006) (quotations omitted).

See also, discussion of adverse employment action in Plaintiff's objection to DEF 1.1 Failure to Accommodate – Plaintiff's Initial Burden of Proof.

Given: _____
Refused: _____
Given as Modified: _____
Withdrawn: _____

**DEF 1.2      Failure to Accommodate – Reasonable Accommodation**

An employer has a duty to provide a reasonable accommodation to an employee if that employee needs an accommodation based upon a bona fide religious belief or practice.

The City of Mesa has the burden of proving by a preponderance of the evidence that the City of Mesa provided Mr. Smith with a reasonable accommodation for his religious beliefs or practices.

There may be more than one reasonable accommodation for a bona fide religious belief or practice. The accommodation that an employer provides does not need to be the precise accommodation that the employee requests; any reasonable accommodation by the employer is sufficient to meet the employer's obligation.

A reasonable accomodation could include:

- Flexible work schedules;
- Floating or optional holidays;
- Vacation or holiday time that can be taken without restriction;
- Generous time off policies;
- Attendance policies providing employees with numerous ways of taking time off when necessary;
- Permitting an employee to make up time lost due to the observance of religious practices; or
- Leave without pay.

These are only a few examples of potential accommodations that an employer can offer.

The employee has a duty to make a good faith attempt to satisfy his needs through means offered by the employer.

If you find that the City of Mesa provided a reasonable accommodation to Plaintiff, your verdict should be for the City of Mesa. If you find that the City of Mesa has not proven this element, your verdict should be for Mr. Smith.

**Source:**

42 U.S.C. §§ 2000e(j) (employer has a duty to provide a reasonable accommodation for the employee).

*Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) ("Once a prima facie showing has been made, the burden shifts to the Department to show that 'it initiated good faith efforts to accommodate reasonably the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship'") (citations omitted).

The accommodation that an employer provides does not need to be the precise accommodation that the employee requests. 29 C.F.R. § 1605.2(d)(1)(ii); *Ansonia Bd. of Ed. v. Philbrook*, 479 U.S. 60, 68–69 (1986) ("We find no basis in either the statute or its legislative history for requiring an employer to choose any particular reasonable accommodation. By its very terms the statute directs that any reasonable accommodation by the employer is sufficient to meet its accommodation obligation"; *id.* (if an employer "has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end" and "the employer need not further show that…the employee's alternative accommodations would result in undue hardship"); *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen.*, 781 F.2d 772, 777 (9th Cir. 1986) ("a reasonable accommodation need not be on the employee's terms only"); *Philbrook v. Ansonia Bd. of Ed.*, 925 F.2d 47, 53–54 (2d Cir. 1991).

The City can accommodate Plaintiff's request with any reasonable accommodation. *Id.*; 29 C.F.R. § 1605.2(d)(1)("There are often other alternatives which would reasonably accommodate an individual's religious practices when they conflict with a work schedule"); *Ansonia Bd. of Ed. v. Philbrook*, 479 U.S. 60, 68–69 (1986) ("[A]ny reasonable accommodation by the employer is sufficient to meet its accommodation obligation"); *Id.* (if an employer "has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end").

Reasonable accomodations could include flexible work schedules, floating or optional holidays; vacation and holiday time that can be taken without restriction, attendance policies providing employees with numerous ways of taking time off, permitting an employee to make up time lost due to the observance of religious practices, and unpaid leave. 29 C.F.R. 1605.2(d)(1)(ii); *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 315 (4th Cir. 2008) (finding a reasonable accomodation when employees could use vacation days and holidays where "there were no restrictions on the reasons for which these holidays could be used"); *id.* (pre-existing attendance policies provided employees with numerous ways of taking time off when necessary); *United States v. City of Albuquerque*, 545 F.2d 110, 113–14 (10th Cir. 1976) (an accomodation was using an employee's "vacation leave"). [Doc. 42 at 13 (the Court could not conclude that the City's time off policy was inadequate as a matter of law)]

"[E]mployee has a correlative duty to make a good faith attempt to satisfy his needs through means offered by the employer." *Am. Postal Workers Union, San Francisco Loc. v. Postmaster Gen.*, 781 F.2d 772, 777 (9th Cir. 1986); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1440 (9th Cir. 1993) ("the employee has a correlative duty to make a good faith attempt to satisfy his needs through means

{00514599.1}                                    Page 17 of 20

offered by the employer") (emphasis in the original); *Hudson v. Western Airlines, Inc.*, 851 F.2d 261, 266–67 (9th Cir. 1988) ("'[The plaintiff's] own failures to avail herself of reasonable means to eliminate the conflict between her religious beliefs and her employment demands undercut her claim that [her employer] violated Title VII by refusing to accommodate her further . . . As the trial court found, [the employer] provided reasonable means to eliminate her conflicts. . . . Title VII does not allow [the plaintiff] to ignore these reasonable accommodations and then demand further accommodations when she subsequently developed a conflict").

**Plaintiff's Objections.** Defendant's includes "generous time off policy", which is not listed as a reasonable accommodation in Title VII regulations (29 C.F.R. § 1605.2) or any Ninth Circuit case law.

Plaintiff agrees with the inclusion of a line in the instruction from which that the City can argue that its leave policy was reasonable accommodation, such as "These are only a few examples of potential reasonable accommodations that an employer can offer." See Plaintiff's Instruction No. 1. But to add "generous time off policy" to the law of the instruction provides too much weight to a argument that is not based in the Title VII regulations on religious accommodations or circuit law.

As noted in Plaintiff's Instruction No. 1, providing unpaid leave could be a reasonable accommodation. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 70 (1986).

> (The provision of unpaid leave eliminates the conflict between employment requirements and religious practices by allowing the individual to observe fully religious holy days and requires him only to give up compensation for a day that he did not in fact work.);

29 C.F.R. § 1605.2
> ((d) Alternatives for accommodating religious practices.
> (1) ….The following subsections are some means of accommodating the conflict between work schedules and religious practices which the Commission believes that employers and labor organizations should consider as part of the obligation to accommodate and which the Commission will consider in investigating a charge. These are not intended to be all-inclusive. There are often other alternatives which would reasonably accommodate an individual's religious practices when they conflict with a work schedule. There are also employment practices besides work scheduling which may conflict with religious practices and cause an individual to request an accommodation….
> (i) Voluntary Substitutes and "Swaps"….
> (ii) Flexible Scheduling….
> flexible arrival and departure times; floating or optional holidays; flexible work breaks; use of lunch time in exchange for early departure; staggered work hours; and permitting an employee to make up time lost due to the observance of religious practices….
> (iii) Lateral Transfer and Change of Job Assignments.)

Further, this instruction fails to define a reasonable accommodation as one that eliminates the conflict. See Plaintiff's Instruction No. 1.0 Duty to Accommodate Religious Practices/Definition of Reasonable Accommodation.

Finally, it fails to instruct that the accommodation must occur after the request for an accommodation. See Plaintiff's Instruction No. 1.0 Duty to Accommodate Religious Practices/Definition of Reasonable Accommodation.

Given: _____
Refused: _____
Given as Modified: _____
Withdrawn: _____

DATED this 4th day of March 2024.

**HOUK LAW FIRM, PLLC**

By  /s/ Christopher R. Houk
    Christopher R. Houk
    *Attorneys for Plaintiff*

**CITY OF MESA ATTORNEY'S OFFICE**

By    /s/ Jason K. Reed
      Jason K. Reed
      *Attorneys for Defendant*

**CERTIFICATE OF FILING**

I, Christopher R. Houk, electronically transmitted the above document to the Clerk's office using the CM/ECF System for filing on March 4, 2024.

 /s/ Christopher R. Houk
  Christopher R. Houk